IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GLOBAL BIO RESOURCES, INC., a Wyoming corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Civil Action No. 22-CV-68-SWS ) |
| JAKE CANTRELL, KEN MORGAN, TERRY DIARDICHUK, MICHAEL MURRAY, and DAREL MOE, individuals, | ) ) ) ) ) |
| Defendants. | ) |

## JOINT CASE MANAGEMENT PLAN

1.  The names of counsel or *pro se* parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

**Response:** Ben Rowland for Global Bio Resources, Inc. ("GBR")[1] and Sean Larson for Defendants attended the Rule 26(f) meeting and developed this Case Management Plan.

2.  A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response:** GBR, a Wyoming corporation, is the Plaintiff. It has no parent entities. Defendants include Jake Cantrell, Ken Morgan, Terry Diardichuk, Michael Murray, and Darel Moe, all individuals.

---

[1] GBR counsel acknowledges that counsel for Defendants has asserted in several filings that this action is not brought by GBR but by two individuals asserting authority for GBR, Gary Wardian ("Wardian") and Michael Chapman ("Chapman"). GBR disagrees. This proposed joint case management plan refers to Plaintiff as GBR while acknowledging Defendants' contention.

3. List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:** There are not currently any pending cases in other jurisdictions. Though there have been other cases pending in North Carolina and Kentucky at various times related to this matter, those cases are all terminated. The North Carolina litigation between GBR and R.J. Corman was dismissed without prejudice after settlement between the parties, pending the outcome of this litigation.

4. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response:** GBR was conceived of and incorporated by Defendant Cantrell ("Cantrell"). The entity was formally incorporated on February 2, 2015, and Cantrell initially intended that it would produce biocoal, an alternative fuel source. GBR acquired the former Georgia Pacific paper mill in Whiteville, North Carolina and then, GBR altered its Whiteville development plan. As the lumber market improved, an opportunity to co-locate and contract a lumber facility on the site of the defunct paper mill in North Carolina was pursued by Cantrell and other individuals involved with GBR. As time wore on, GBR executed a contract with R.J. Corman to purchase the property.

GBR then attempted to complete the transaction with R.J. Corman where GBR would acquire the "Whiteville Lumber Mill," located in Whiteville, North Carolina. GBR was prepared to close in August of 2018 but R.J. Corman refused causing R.J. Corman and GBR to institute dueling lawsuits in North Carolina ("R.J. Corman Litigation").

At this time, GBR had little assets. To raise money for the litigation, it issued a private placement memorandum ("2018 PPM") on November 12, 2018. At this time, Cantrell was still GBR's CEO, but Wardian and Chapman directed the fundraising strategy and litigation execution.

They did so in cooperation and coordination with Cantrell, who authorized issuing the 2018 PPM. Concurrent with the initiation of the litigation, Cantrell's health declined.

On January 31, 2019, Cantrell signed a document stating that he would resign his position but could reassume the position when his health was no longer an issue. Subsequently, Cantrell, Wardian, and Chapman sought to clarify corporate control. The parties executed another document on July 19, 2019, stating that it rescinded the earlier agreement on Cantrell's resumption. The parties disagree as to the meaning of that document.

The following events and documents supporting them, among others stated herein, are subject of disputes between the parties, as they bear on which individuals properly control GBR today. Between the foregoing dates and May 6, 2021, Plaintiff contends Wardian and Chapman served as GBR's Board of Directors ("BOD") and its President/CEO and Vice President, respectively. On March 2, 2021, Plaintiff contends Wardian executed a Declaration stating that Wardian, Chapman, and Michael Grainey ("Grainey") constituted the GBR BOD. On May 6, 2021, Plaintiff contends that certificated shareholders held a meeting at which they formally endorsed the GBR BOD and officers. The same day, Plaintiff contends the GBR BOD formally endorsed the GBR officers. The Defendants contend these purported March and May 2021 actions never occurred.

After these events, R.J. Corman and GBR mediated the R.J. Corman Litigation on May 28, 2021. GBR and R.J. Corman reached a term sheet, after which they engaged in protracted drafting and further negotiations throughout June, July, and August 2021. Defendants contend in August of 2021, Wardian and Chapman agreed to settle with R.J. Corman. Then, Defendants contend that Wardian changed his decision to settle. As a result, Defendants asserted interests in GBR and disputes arose within GBR as to proper control. The disputes arose due to Defendants' interests

in having GBR execute a final settlement agreement with R.J. Corman. Wardian contended the agreement was not yet final, even though Defendants contend he previously agreed to it. This dispute triggered uncertainty with R.J. Corman regarding proper authority at GBR, particularly given Defendants' purported consent actions to oust GBR's BOD and officers.

As a result, Plaintiff initiated this litigation to determine whether Defendants were shareholders and whether their purported consent actions were effective. Plaintiff's claims are limited to requests for declaratory judgment to determine (i) whether Defendants are shareholders; and (ii) whether Defendants' purported consent actions were invalid, and therefore, that the current GBR BOD consisting of Wardian, Chapman, and Grainey remains in place and that Wardian remains GBR's CEO, Chapman remains GBR's Vice President, and Wardian retains authority to manage GBR's affairs.

Defendants contend they took considerable actions to benefit GBR, including finding the R.J. Corman opportunity, negotiating the price down, and obtaining a bond. Defendants' defenses include the assertions that: (1) Messrs. Wardian and Chapman had no authority to file any legal action on behalf GBR including this action; (2) the Complaint fails to name necessary and indispensable parties; (3) declaratory relief directly opposite of Plaintiff's position should be granted; (4) Plaintiff is estopped from bringing these claims and has waived these claims; (5) Plaintiff has unclean hands; and (6) the actions of Messrs. Wardian and Chapman have been improper and damaged the shareholders and company.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal

place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response:** This Court has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446(c), and 1332(a). GBR is incorporated and has its principal place of business in Wyoming. Defendants have the following citizenships: Cantrell (Tennessee), Morgan (North Carolina), Diardichuk (Ontario, Canada), Murray (Minnesota), and Moe (Wisconsin).

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:** None.

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:** Plaintiff does not anticipate adding any parties or amending the pleadings. Defendants anticipate that additional parties may intervene and anticipate potentially joining additional parties.

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** The parties believe there could be dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:** The parties will comply with Rule 26(a). The parties anticipate exchanging their Rule 26(a) initial disclosures by August 8th.

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response:** The parties should be able to stipulate to some facts to minimize discovery. Discovery will likely be targeted at evidence concerning GBR share ownership and compliance with corporate procedure. A focus of discovery will be on the actions and inactions of Mr. Wardian and Mr. Chapman and their direct communications with the individuals who participated in the 2018 PPM. Proportionality of discovery is not likely to be an issue. The parties do not anticipate any issues with ESI discovery. And the parties do not believe discovery should be otherwise limited.

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

       - Monday, November 14, 2022

    b. A proposed deadline for the completion of fact discovery; and

       - Tuesday, January 31, 2023

  c.  A proposed date for trial.

       - Monday April 10, 2023 through Wednesday, April 12, 2023.

**Response:**

12. Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:** None.

13. The estimated length of trial and any suggestions for shortening the trial.

**Response:** Four (4) days.  The parties will stipulate to as many facts as possible to shorten trial and keep the Court informed as trial gets closer.

14. The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response:** Fair.

15. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response:** None.

It may be useful to set a mediation deadline prior to trial to encourage the parties to resolve this matter.

  DATED this 25th day of July, 2022.

          DAVIS & CANNON, LLP

       By: /s/ Benjamin J. Rowland
          Benjamin J. Rowland (7-5654)
          422 W. 26th Street
          Cheyenne, WY 82001
          Telephone: (307) 634-3210

*browland@davisandcannon.com*

*Counsel for Plaintiff*

HATHAWAY & KUNZ, LLP

By: /s/ Sean M. Larson
Lucas Buckley (6-3997)
Sean M. Larson (7-5112)
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003
Telephone: (307) 634-7723
*lbuckley@khwyolaw.com*
*slarson@hkwyolaw.com*

*Counsel for Defendants*